UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NITZA E. ECHANDY-CARABALLO, :
Plaintiff, :
:
v. : CA 06-97 M
:
MICHAEL J. ASTRUE,[1] :
COMMISSIONER, :
SOCIAL SECURITY ADMINISTRATION, :
Defendant. :

**MEMORANDUM AND ORDER**

This matter is before the Court on a request for judicial review of the decision of the Commissioner of Social Security ("the Commissioner"), denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) ("the Act"). Plaintiff Nitza E. Echandy-Caraballo ("Plaintiff") has filed a motion for summary judgment. Defendant Michael J. Astrue ("Defendant") has filed a motion for an order affirming the decision of the Commissioner.

With the parties' consent, this case has been referred to a magistrate judge for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. For the reasons set forth herein, I find that the Commissioner's decision that Plaintiff is not disabled contains

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Commissioner Michael J. Astrue has been substituted for Jo Anne B. Barnhart as Defendant in this action. See Fed. R. Civ. P. 25(d)(1) (2008) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name ...."); see also 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

legal error. Accordingly, based on the following analysis, I order that Plaintiff's Motion for Summary Judgment (Document ("Doc.") #12) ("Motion for Summary Judgment") be granted to the extent that the matter be remanded for further administrative proceedings and that Defendant's Motion for an Order Affirming the Decision of the Commissioner (Doc. #13) ("Motion to Affirm") be denied.

**Facts and Travel**

Plaintiff was born in 1956 and was fifty years of age at the time her insured status expired. (Record ("R.") at 15, 69, 88) She completed the twelfth grade, (R. at 83), and has past relevant work experience as a fast food worker, retail or gas station cashier, and toll operator, (R. at 17, 78).

Plaintiff filed applications for DIB and SSI on October 24, 2003 (protective filing date), alleging disability since January 15, 2002, due to a back injury and neck problems. (R. at 69, 86, 88, 91, 191) The application was denied initially and on reconsideration, (R. at 10, 55, 195, 196), and a request for a hearing before an administrative law judge ("ALJ") was timely filed, (R. at 60). A hearing was conducted on August 4, 2005, at which Plaintiff, represented by counsel, appeared and testified. (R. at 24, 28-42) An impartial vocational expert ("VE"), Kenneth R. Smith, also testified. (R. at 24, 39-46)

The ALJ issued a decision on September 23, 2005, in which she found that Plaintiff was not disabled and, therefore, not entitled to a period of DIB. (R. at 13-18) The Appeals Council denied Plaintiff's request for review on January 6, 2006, (R. at 6-8), thereby rendering the ALJ's decision the final decision of the Commissioner, (R. at 6). Plaintiff thereafter filed this action for judicial review.

**Issue**

The issue for determination is whether the decision of the

Commissioner that Plaintiff is not disabled within the meaning of the Act, as amended, is supported by substantial evidence in the record and is legally correct.

**Standard of Review**

The Court's role in reviewing the Commissioner's decision is limited. Brown v. Apfel, 71 F.Supp.2d 28, 30 (D.R.I. 1999). Although questions of law are reviewed *de novo*, the Commissioner's findings of fact, if supported by substantial evidence in the record,[2] are conclusive. Id. (citing 42 U.S.C. § 405(g)). The determination of substantiality is based upon an evaluation of the record as a whole. Id. (citing Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1999)("We must uphold the [Commissioner's] findings ... if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support h[is] conclusion."). The Court does not reinterpret the evidence or otherwise substitute its own judgment for that of the Commissioner. Id. at 30-31 (citing Colon v. Sec'y of Health & Human Servs., 877 F.2d 148, 153 (1st Cir. 1989)). "Indeed, the resolution of conflicts in the evidence is for the Commissioner, not the courts." Id. at 31 (citing Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)(citing Richardson v. Perales, 402 U.S. 389, 399, 91 S.Ct. 1420, 1426 (1971))).

**Law**

To qualify for DIB, a claimant must meet certain insured

---

[2] The Supreme Court has defined substantial evidence as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217 (1938)); see also Suranie v. Sullivan, 787 F.Supp. 287, 289 (D.R.I. 1992); Social Security Ruling ("SSR") 96-29, at *3 (S.S.A.) (quoting Richardson v. Perales and stating that "[t]he term [substantial evidence] is intended to have this same meaning in 20 CFR 404.1527(d)(2) ....").

status requirements,[3] be younger than sixty-five years of age, file an application for benefits, and be under a disability as defined by the Act. See 42 U.S.C. § 423(a). An individual is eligible to receive SSI if she is aged, blind, or disabled and meets certain income requirements. See 42 U.S.C. § 1382(a). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A). A claimant's impairment must be of such severity that she is unable to perform her previous work or any other kind of substantial gainful employment which exists in the national economy. See 42 U.S.C. § 423(d)(2)(A). "An impairment or combination of impairments is not severe if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities."[4] 20 C.F.R. § 404.1521(a) (2007).[5] A

---

[3] The ALJ found that Plaintiff met the non-disability requirements for a period of disability and Disability Insurance Benefits through December 31, 2006. (Record ("R.") at 15)

[4] Section 404.1521 describes "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b) (2007). Examples of these include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

Id.

[5] The Social Security Administration ("SSA") has promulgated identical sets of regulations governing eligibility for DIB and SSI. See McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1120

claimant's complaints alone cannot provide a basis for entitlement when they are not supported by medical evidence. See Avery v. Sec'y of Health & Human Servs., 797 F.2d 19, 20-21 (1st Cir. 1986).

The Social Security regulations prescribe a five-step inquiry for use in determining whether a claimant is disabled. See 20 C.F.R. § 404.1520(a) (2007); see also Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 2291 (1987); Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001). Pursuant to that scheme, the Commissioner must determine sequentially: (1) whether the claimant is presently engaged in substantial gainful work activity; (2) whether she has a severe impairment; (3) whether her impairment meets or equals one of the Commissioner's listed impairments; (4) whether she is able to perform her past relevant work; and (5) whether she remains capable of performing any work within the economy. See 20 C.F.R. § 404.1520(b)-(g). The evaluation may be terminated at any step. See Seavey, 276 F.3d at 5. "The applicant has the burden of production and proof at the first four steps of the process. If the applicant has met her burden at the first four steps, the Commissioner then has the burden at Step 5 of coming forward with evidence of specific jobs in the national economy that the applicant can still perform." Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001).

**ALJ's Decision**

Following the familiar sequential analysis, the ALJ in the instant case made the following findings: that Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability, (R. at 15); that Plaintiff's degenerative spondylosis of the cervical and lumbosacral spine was a severe impairment, (R. at 15), but that Plaintiff's impairment did not

n.1 (1st Cir. 1986). For simplicity, the Court will cite only to one set of regulations. See id.

meet or equal any listed impairment, (R. at 16); that Plaintiff had the residual functional capacity ("RFC") to lift and carry ten pounds on a regular basis and twenty pounds occasionally, (id.); that she should refrain from repetitive climbing, crouching, crawling, stooping or kneeling, or reaching overhead with her right dominant arm, (id.); that Plaintiff was limited to simple one, two, and three step tasks over an eight hour day with appropriate breaks approximately every two hours due to pain or perceived pain, (id.); that Plaintiff was able to perform her past relevant work as fast food worker, retail or gas station cashier, and toll collector, (R. at 17); and, therefore, that Plaintiff was not under a disability, as defined by the Act, from January 15, 2002 through the date of the decision, (R. at 18).

**Errors Claimed**

Plaintiff alleges that the ALJ erred in finding that Plaintiff's depression was not a severe impairment and in failing to apply the mandatory technique set forth by Title 20 of the Code of Federal Regulations ("C.F.R.") § 404.1520a (2007). See Plaintiff's Memorandum in Support of Her Motion for Summary Judgment ("Plaintiff's Mem.") at 13. Plaintiff also argues that the ALJ failed to follow the proper methods for pain evaluation pursuant to Avery v. Secretary of Health and Human Services, 797 F.2d 19 (1st Cir. 1986) and Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 (S.S.A.). See id. at 17.

**Discussion**

**I. The ALJ erred in failing to apply the special technique required by 20 C.F.R. § 404.1520a, and the error was not harmless.**

The ALJ found that Plaintiff's mental impairment was non-severe. (R. at 16) Plaintiff challenges this determination and argues that the ALJ erred in not applying the special technique used when evaluating a mental impairment pursuant to 20 C.F.R. §

404.1520a. See Plaintiff's Mem. at 13. The Court agrees that the ALJ's failure to comply with the regulation was error.

A special technique is used in evaluating mental impairments. See 20 C.F.R. § 404.1520a(a). In order to determine whether a mental impairment is severe, the ALJ must evaluate four areas of mental functioning that the Social Security Administration ("SSA") has deemed essential to work: 1) activities of daily living; 2) social functioning; 3) concentration, persistence, or pace; and 4) episodes of decompensation. See 20 C.F.R. § 404.1520a(c)(3); see also Figueroa-Rodriguez v. Sec'y of Health & Human Servs., 845 F.2d 370, 372 (1st Cir. 1988)(describing procedure); Guyton v. Apfel, 20 F.Supp.2d 156, 165 (D. Mass. 1998)(same). In his written decision the ALJ must:

> incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree[6] of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(2); see also Guyton, 20 F.Supp.2d at 165. Current regulations do not require completion of the Psychiatric Review Technique Form ("PRTF") by the ALJ, but do require that his or her decision document application of the special technique. See 20 C.F.R. § 404.1520a(e)(2).

Courts have found that, in cases where a mental impairment

---

[6] For the first three areas (activities of daily living, social functioning, and concentration, persistence, or pace), the ratings of limitation must be based upon the following five point scale: none, mild, moderate, marked, and extreme. See 20 C.F.R. § 404.1520a(c)(4). For the fourth area (episodes of decompensation), the following four point scale must be used: none, one or two, three, and four or more. See id.

exists, failure to follow the special technique constitutes legal error and requires remand. See Moore v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005)("[W]here a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand."); Gutierrez v. Apfel, 199 F.3d 1048, 1051 (9th Cir. 2000)(holding that where there is a colorable claim of mental impairment, ALJ's failure to comply with 20 C.F.R. § 404.1520a requires remand); Montgomery v. Shalala, 30 F.3d 98, 100-01 (8th Cir. 1994)(rejecting district court's conclusion that ALJ's failure to complete PRTF was harmless error); Stambaugh v. Sullivan, 929 F.2d 292, 296 (7th Cir. 1991)(holding that ALJ's failure to evaluate claimant's alleged mental disorder in accordance with the regulation required reversal and remand); Hill v. Sullivan, 924 F.2d 972, 975 (10th Cir. 1991)("Since the record contained evidence of a mental impairment that allegedly prevented claimant from working, the [Commissioner] was required to follow the procedure for evaluating the potential mental impairment set forth in his regulations and to document the procedure accordingly. The [Commissioner] failed to follow the appropriate procedure, so we must remand the case for proper consideration of claimant's potential mental impairment.") (citation omitted); Guyton, 20 F.Supp.2d at 165 (holding that because ALJ failed to conduct mental impairment analysis outlined in 20 C.F.R. § 404.1520a, "this case must be remanded to the Administrative Law Judge to conduct a mental impairment assessment as required by the Social Security Act and its attendant regulations"). Moreover, District Court Judge William E. Smith found in Silva v. Barnhart, C.A. No. 05-134 S, slip op. (D.R.I. Sept. 14, 2006), that an ALJ's failure to follow the mandatory technique required remand. See Silva at

7-8; see also id. at 10 ("ALJ Bower's failure to comply with the straight-forward process set forth in 20 C.F.R. § 404.1520a is an error of law.").

Here, the ALJ did not assign ratings to each of the four functional areas and also did not document application of the special technique as required by § 404.1520a. The ALJ made the following statements regarding Plaintiff's mental impairments.

> Ms. Carab[a]llo also complains of depression; however, the undersigned finds that this is non-severe. The claimant was seen for psychiatric testing in September 2004 by Maria Garrido, Psy.D. She reported symptoms of depression and occasional symptoms of anxiety .... She stated she performed most household chores and took her granddaughters to school. She stated she liked to cook and clean and assist with school activities. She reported friendly acquaintances but no other friends. Dr. Garrido[] assessed Dysthymia and anxiety disorder [not otherwise specified] with a Global Assessment of Function (GAF) of 55.[7] She rated the claimant's work related functional limitations as mild to moderate, with a moderately severe limitation in the ability to respond to customary work pressures [R. at 135-36]. She was seen in July 2005, at the request of her representative, by John Parsons, Ph.D. Her response pattern on the Beck Anxiety Inventory revealed mild to moderate symptoms of anxiety and on the Beck Depression Inventory significant problems with depression. Dr. Parsons made a diagnosis of major depressive disorder, single episode, moderate to severe and assessed a GAF of 51. He found moderate to moderately severe work related functional limitations [R. at 144-45]. Despite her allegations of depression and

[7] The Global Assessment of Functioning ("GAF") "is a subjective determination based on a scale of 100 to 1 of 'the clinician's judgment of the individual's overall level of functioning.'" Langley v. Barnhart, 373 F.3d 1116, 1122 n.3 (10th Cir. 2004)(quoting Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) ("DSM-IV-TR") at 32). The GAF "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." DSM-IV-TR at 34. A GAF score between 51-60 is indicative of "**[m]oderate symptoms** (e.g., flat affect and circumstantial speech, occasional panic attacks) **OR moderate difficulty in social, occupational, or school functioning** (e.g., few friends, conflicts with peers or co-workers).

> symptoms of anxiety the claimant has sought absolutely no treatment for same. She is not seeing a psychiatrist, is not in counseling and is on no medications. The claimant has been referred to a clinic that offers free treatment and she has declined to pursue this option despite her complaints of severe symptoms [R. at 146-84]. This leads the undersigned to conclude that the claimant is managing her situation well. Further, although John Parsons and Maria Garrido find that the claimant has dysthymia and depression, these opinions are generated from examining and not treating sources. Therefore, the claimant's lack of interest in treatment results in the undersigned finding this is not a severe impairment.

(R. at 16)

Defendant appears to acknowledge that the ALJ did not document application of the special technique. See Defendant's Mem. at 15. However, he contends that "while the ALJ may not have explicitly set forth findings on each of the four criteria contained in 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3), her decision indicates that she adequately considered them in light of the evidence of record, thereby making remand unnecessary." Id. (internal footnote omitted). Defendant cites Fountain v. R.R. Ret. Bd., 88 F.3d 528, 532 (8th Cir. 1996), in support of this contention, see Defendant's Mem. at 15. However, Fountain is clearly distinguishable from the instant matter. In Fountain there was "no credible evidence that [the plaintiff] suffer[ed] from a medically determinable impairment." Fountain, 88 F.3d at 532.

In contrast, here the record reflects that Dr. Garrido diagnosed Plaintiff with anxiety disorder not otherwise specified and dysthymia,[8] with a GAF of 55. (R. at 134) She opined that

---

[8] Dysthymia is a mood disorder characterized by feelings of depression (sad, blue, low, down in the dumps) and loss of interest or pleasure in one's usual activities and in which the associated symptoms have persisted for more than two years but are not severe enough to meet the criteria for major depression. Dorland's Illustrated Medical Dictionary 519 (28th ed. 1994).

Plaintiff would not be able to function effectively in competitive employment. (Id.) Additionally, Dr. Parsons diagnosed Plaintiff with major depressive disorder, single episode, moderate to severe with a GAF of 51. (R. at 142-43) He found Plaintiff to be emotionally withdrawn, depressed, and worried about her health, and he noted that her depression had become debilitating over the last 18 months. (R. at 138, 141) Dr. Parsons noted that Plaintiff was depressed and pessimistic with a restricted affect, (R. at 141), and that she reported suicidal ideation, (R. at 142). In addition, Thomas Issac, M.D., of Rhode Island Hospital noted several instances where Plaintiff complained of feeling depressed, (R. at 175, 177, 180), having decreased ability to sleep, (R. at 175, 177), and suffering from decreased concentration, (R. at 175, 177). Dr. Issac also noted on February 2, 2005, that Plaintiff had a flat affect. (R. at 178)

Defendant also argues that substantial evidence supports the ALJ's finding that Plaintiff's depression was a non-severe impairment and that, therefore, the ALJ's failure to explicitly set forth findings on each factor contained in 20 C.F.R. § 404.1520a(c)(3) is not grounds for remand. See Defendant's Mem. at 16. Defendant cites Querido v. Barnhart, 344 F.Supp.2d 236 (D. Mass. 2004), and Arruda v. Barnhart, 314 F.Supp.2d 52 (D. Mass. 2004), in support of this contention, but these are also distinguishable. Significantly, in both cases the ALJ had found the mental impairment to be severe, rendering any failure to follow the special technique harmless since the ruling at step two was already in the claimant's favor. See Querido, 344 F.Supp.2d at 254; Arruda, 314 F.Supp.2d at 81. Here the ALJ found Plaintiff's mental impairment to be nonsevere at step two.

(R. at 16) Therefore, the reasoning of the Querido and Arruda courts does not apply. See Alley v. Apfel, No. 00-5-B, 2000 WL 1196336, at *2 (D. Me. June 16, 2000)("Here ... the administrative law judge implicitly found (and the record corroborates) that the plaintiff did suffer from a mental impairment, which the administrative law judge determined to be non-severe. He was in no position to make that determination in the absence of completion of a PRTF.")(citations omitted); Arsenault v. Apfel, No. 99-94-P-C, 1999 WL 33117126, at *2 (D. Me. Nov. 22, 1999)(holding that because ALJ determined that plaintiff suffered from mental impairment, which he determined was nonsevere, PRTF should have been completed and remand was therefore warranted).

Defendant additionally cites O'Hern v. Barnhart, No. 04-355 ML, slip op. at 17 (D.R.I. Apr. 26, 2005), to support this argument, see Defendant's Mem. at 16. However, O'Hern is different from the instant matter in that there were two medical opinions in the O'Hern record which stated that Plaintiff had never had episodes of decompensation, see O'Hern at 17-18. The medical record before this Court has no such evidence to support the ALJ's determination. Additionally, the O'Hern record contained two PRTF evaluations from state agency psychologists, neither of whom found marked limitations in Plaintiff's functional areas nor episodes of decompensation of extended duration. See id. at 18. Here, no state agency physician evaluated Plaintiff's mental impairments, only her physical limitations. (R. at 111-29)

Defendant also cites Eaton v. Barnhart, No. 04-195ML, slip op. at 13 (D.R.I. Apr. 8, 2005), to support the ALJ's noncompliance with the special technique. See Defendant's Mem. at 16. The facts in Eaton are again distinguishable from the instant case. The Eaton court found that while the ALJ failed to

rate the category of episodes of decompensation, the record contained two PRTF evaluations from state agency physicians who did not find marked limitations or extended episodes of decompensation. See Eaton at 14. Furthermore, while Defendant uses Molina v. Massanari, No. 01-103-B, 2001 WL 1502587 (D. Me. Nov. 26, 2001), to support his argument, that court found that the ALJ's decision sufficiently documented the application of an evaluation technique even though it was not the technique specified in 20 C.F.R. § 416.920a. See id. at *7 ("The administrative law judge's opinion documents application of an evaluation technique that is also sufficiently similar to that required by the current regulation to make remand unnecessary.") (internal citation omitted). The Court does not believe that the ALJ evaluated Plaintiff's mental impairment at Step 2 in a sufficiently similar manner.

Morever, Step 2 of the five step inquiry is a *de minimis* screening device. See McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1122 (1st Cir. 1986). It is intended "to screen out applicants whose impairments are so minimal that, as a matter of common sense, they are clearly not disabled from gainful employment." Id. (footnote omitted). "[A] finding of 'nonsevere' is only to be made where 'medical evidence establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work ....'" Id. at 1124 (quoting SSR 85-28, 1985 WL 56856 (S.S.A.)). Given all of the circumstances which exist in this case, the Court is unable to find that the ALJ's error was harmless.

For the reasons stated above, I find that the ALJ's failure to document application of the special technique was legal error. Accordingly, the Court remands the matter for compliance with 20

C.F.R. § 404.1520a.[9]

**II. The ALJ followed the proper standards for pain evaluation pursuant to Avery v. Secretary of Health & Human Services and SSR 96-7p.**

Plaintiff next asserts that "the Administrative Law Judge failed to make adequate findings per Avery [v. Secretary of Health & Human Services] and [SSR] 96-7p concerning the credibility and consistency of the claimant's pain in her denial of benefits." Plaintiff's Mem. at 19. Plaintiff additionally argues that the "ALJ ignore[d] portions of the plaintiff's testimony and medical record to support her finding that the plaintiff's allegations of pain are not entirely credible." Id.

Avery v. Secretary of Health & Human Services, 797 F.2d 19 (1st Cir. 1986), requires an ALJ to consider the following factors in determining the effect of pain on a claimant's RFC:

> 1. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
> 2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
> 3. Type, dosage, effectiveness, and adverse side-effects of any pain medication;
> 4. Treatment, other than medication, for relief of pain;
> 5. Functional restrictions; and
> 6. The claimant's daily activities.

Avery, 797 F.2d at 29; see also 20 C.F.R. § 404.1529(c)(3)(i)-(vii) (2007) (same); SSR 96-7p, 1996 WL 374186, at *3 (S.S.A.) (same). Here, the ALJ specifically stated that she "considered all symptoms in accordance with the requirements of 20 CFR §§ 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned also considered opinion evidence in accordance with the requirements of 20 CFR §§ 404.1527 and 416.927 and SSRs 96-2p,

[9] On remand, the ALJ is free to find Plaintiff's mental impairment to be nonsevere, provided she does so in conformance with the analytical framework set out in 20 C.F.R. § 404.1520a.

96-5p and 96-6p." (R. at 16) Thereafter, the ALJ stated that upon "considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms. However, the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." (R. at 16-17) The ALJ gave specific reasons for her credibility finding as required. See SSR 96-7p, 1996 WL 374186, at *2 ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."). The ALJ stated:

> Although Ms. Carab[a]llo testified that she had chronic neck and back pain, she does not receive regular medical treatment nor does she take medications, instead relying on over the counter medicine for pain relief. Dr. Merlino found that Ms. Carab[a]llo had good range of motion with flexion and extension both to 50 degrees each, lateral flexion of 35 degrees each and lateral rotation of 40 degrees each. There was no acute tenderness or spasm anywhere in the cervical area. The claimant exhibited essentially normal motion in both shoulders, elbows, hands and wrists. There was no neurological deficit in either upper extremity. Dr. Merlino further found that the claimant did not limp, list or tilt. She was able to heel and toe walk without any difficulty. There were no areas of acute tenderness in the lumbosacral areas and no spasm. Straight leg raising was negative bilaterally and there was no neurological deficit in either lower extremity. The claimant exhibited 60 degrees of flexion, 20 degrees of extension and lateral flexion to ei[th]er side to 30 degrees. Lateral rotation to either side was 30 degrees as well [R. at 109-110].
>
> The undersigned further notes that Ms. Carab[a]llo does not receive regular treatment for her complaints of chronic pain and is able to take Ibuprofen for relief.

> Physical therapy notes dated 2004 indicate that the claimant informed the therapist that she felt good and felt the pain was lessened with therapy. An August 2004 medical report from RI Hospital finds that the claimant's back pain appeared to be musculoskeletal in nature and there was no sensory loss or neurological change. Finally, there is no evidence in [the] file that would support her claim of pain that ranks at an eight or nine on a scale of one to ten with ten being the most severe pain. This has never been reported to a medical source and the claimant has not pursued treatment in order to manage this alleged high pain level [R. at 146-84].[10]

(R. at 17) The Court has reviewed the entire record and finds that the ALJ's credibility determination-and the reasons given in support thereof-is supported by substantial evidence.

**Conclusion**

For the reasons stated above, the Court finds that the Commissioner's decision that Plaintiff is not disabled cannot be sustained because the ALJ committed legal error (at Step 2 of the evaluation process) in determining Plaintiff's depression was not a severe impairment without applying the special technique required by 20 C.F.R. § 404.1520a. Accordingly, I order that Plaintiff's Motion for Summary Judgment be granted to the extent that the matter be remanded for compliance with this regulation and that Defendant's Motion to Affirm be denied. The Court finds no error in the ALJ's evaluation of Plaintiff's subjective complaints of pain.

---

[10] In addition, the ALJ questioned Plaintiff extensively at the administrative hearing regarding the <u>Avery</u> factors. (R. at 29-34); <u>see also</u> <u>Frustaglia v. Sec'y of Health & Human Servs.</u>, 829 F.2d 192, 195 (1st Cir. 1987)("The ALJ thoroughly questioned the claimant regarding h[er] daily activities, functional restrictions, medication, prior work record, and frequency and duration of the pain in conformity with the guidelines set out in <u>Avery</u> regarding the evaluation of subjective symptoms.")(citations omitted); <u>Reeves v. Barnhart</u>, 263 F.Supp.2d 154, 163 (D. Mass. 2003)("The ALJ explicitly questioned Plaintiff concerning the <u>Avery</u> factors.").

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
March 31, 2008